UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL SMITH, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>HEALTHPRO HERITAGE, LLC, and NEWLIFE PHYSICAL THERAPY, P.C.,<br>Defendants. | No. 2:25-cv-2056 DC AC<br><br>ORDER |

This matter is before the court on plaintiff's motion to compel. ECF No. 32. This discovery motion was referred to the magistrate judge pursuant to Local Rule 302(c)(1). The motion was taken under submission. ECF No. 34. Plaintiff moved to shorten time for the court to hear the motion. ECF No. 36. The request is granted; the joint statement has been submitted (ECF No. 33), and the matter is fully briefed and ripe for decision. For the reasons set forth below, the motion to compel is GRANTED.

## I. Allegations in the Complaint

This is a putative collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiff and the putative collective allege that they worked for defendants as non-exempt employees involved with occupational therapy and related patient care services during the relevant statutory period. ECF No. 27 (operative First Amended Complaint). Plaintiff

claims and he and the putative collective were required to and/or allowed to work during their unpaid meal periods due to defendants' policies and practices. See id. Plaintiff also claims that they were required to work either before and/or after their shift while off-the clock. Id.

## II. Nature of Dispute

This discovery dispute arises from plaintiff's March 4, 2026 written discovery requests to defendant. Plaintiff seeks: (1) the identities and contact information of putative collective members; (2) the identities and contact information of managers and supervisors; (3) payroll, wage, and timekeeping records; (4) arbitration agreements and related onboarding documents; (5) personnel files; and (6) communications concerning compensation, scheduling, productivity requirements, meal periods, and timekeeping practices. ECF No. 33-1 (interrogatories and responses at issue).

Defendant objected and refused to provide substantive responses, claiming that the overwhelming majority of the collective had signed arbitration agreements. Id. Defendant also refused to identify or provide contact information for members of the putative collective. Plaintiff argues that defendant's responses are deficient because it is obligated to provide responsive information and documents regardless of any purported arbitration agreements and that the identities of putative collective members are discoverable. ECF No. 33 at 2.

## III. Motion to Compel

### A. Overview of Dispute and Attempts to Resolve

The parties tried to resolve this dispute without court intervention. During those discussions, defendant proposed producing arbitration agreements for a sample of 100 employees. Plaintiff maintained that discovery should not be limited on that basis without information identifying the employees who executed arbitration agreements. Plaintiff also requested that defendant supplement its responses due to the seemingly boilerplate nature of the objections. Defendant subsequently, and informally, produced template arbitration agreements and information regarding its electronic signature process.

On August 5, 2026, the parties attended an Informal Telephonic Discovery Conference with the undersigned. Thereafter, the parties agreed that the defendant would provide a sampling

of arbitration agreements while preserving plaintiff's right to compel discovery including all arbitration agreements for all putative collective members. Defendant also agreed to supplement some interrogatories and requests for production. Defendant has not yet provided the supplemental responses.

Now, plaintiff asks the court to compel supplement responses to Defendant's Responses to Plaintiff's Requests for Production, Set One and Defendant's Responses to Plaintiff's Special Interrogatories, Set One.

B. Applicable Legal Standards

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial

prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

C. Discussion

Plaintiff's motion is GRANTED. Defendant objects that this motion was untimely, but that issue has been resolved by an amendment to the case schedule. ECF No. 37. Defendant also argues that it had insufficient time to craft is portion of the joint statement, and that meet and confer efforts were inadequate. ECF No. 33 at 15-16. The court is not persuaded by these arguments in light of the meet and confer history in this case. The undersigned finds that in the interest of moving this case forward, this discovery dispute is ripe for a court order.

Substantively, defendant argues that the plaintiff "is part of a tiny percentage" of workers who did not sign an arbitration agreement, and because 95% of non-California employees signed arbitration agreements, plaintiff is not entitled to collective-wide discovery. ECF No. 33 at 17. In the FLSA context, the Ninth Circuit has held that "it is an abuse of discretion to authorize notice to employees *if it is undisputed* that their claims are subject to arbitration." ECF No. 33 at 17-18, citing Harrington v. Cracker Barrel Old Country Store, Inc., 142 F.4th 678, 683 (9th Cir. 2025) (emphasis added). Defendant's position improperly conflates discovery relevance with the ultimate merits of its arbitration defense. The Harrington declined "to adopt any bright-line rule requiring district courts in all cases to make conclusive determinations regarding the arbitrability of prospective opt-in plaintiffs' claims prior to the dissemination of notice." Id. at 684.

Defendant consistently contends that plaintiff does not dispute the alleged percentage of potential collective members who signed the arbitration agreement (ECF No. 33 at 19) but this position is belied by plaintiff's arguments in the joint statement (id. at 7-8). Indeed, in FLSA collective actions, the identities and contact information of similarly situated employees are generally relevant and proportional to the needs of the case. Soto v. O.C. Communications, Inc., 319 F. Supp. 3d 1165 (N.D. Cal. 2018). Defendant cannot limit relevant discovery but assuming the merits of its disputed arbitration defense.

Finally, defendant cites a recent decision from Chief District Judge Troy L. Nunley, in which Judge Nunley granted an preemptive motion to decertify a class in a Rule 23 class action case based on the employer's argument that the plaintiff opted-out of a standard arbitration agreement that its employes are required to sign, making her not typical of the proposed class. Godines v. Dollar Tree Stores, Inc., No. 2:25-CV-01743-TLN-CSK, 2026 WL 2924896, at *2 (E.D. Cal. Sept. 29, 2026). In Godines, Judge Nunley rejected the plaintiff's argument that the motion to decertify was premature because class discovery had not yet taken place, finding that "the Court need not permit additional discovery when denial is proper based on the undisputed facts." Id. The Godines case is inapplicable here because the motion at issue was decertification, not discovery, and because the facts are materially different: in Godines, the plaintiff acknowledged that she was not diligent in seeking class discovery, and that there was only a "limited sub-group" of class members who opted out of arbitration. Id. The plaintiff here makes no such concession regarding the size of the collective, and is diligent in seeking discovery via the very motion at bar. Accordingly, the motion to compel is granted in full.

## IV. Request for Expenses

Plaintiff seeks an award of costs and fees in the event its motion is granted. ECF No. 33 at 13-14 at 19-20. Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the filing of the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court "must not" order payment if the moving party filed the motion before attempting in good faith to resolve the matter, if the nondisclosure, response, or objection was substantially justified, or if other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, plaintiff argues that it made good faith attempts to obtain the requested discovery without court intervention and defendant's failure to complete production is not substantially justified. ECF No. 33 at 13-14. An award of expenses and attorney fees is appropriate in this case. The court finds that plaintiff made a good faith attempt to obtain discovery from defendant

without the court's intervention and that defendant's conduct necessitated court intervention that should have been unnecessary. As set forth above, the court is granting plaintiff's motion to compel in full, and defendant has failed to provide any persuasive justification for its failure to complete production.

Plaintiff has provided an attorneys' fees calculation totaling $11,850.00 for the instant motion, accounting for 15 hours preparing this motion and the supporting materials: attorney Katherine Krebs spent approximately 12 hours drafting and researching the motion at her hourly rate of $775, for a total of $9,300. ECF No. 33 at 14. Attorney Robert Morelli spent approximately 3 hours reviewing and revising the motion at his hourly rate of $850, for a total of $2,550. Id.

An award of fees must be "reasonable," and the court determines what constitutes reasonable attorneys' fees by applying the "lodestar" method. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rate claimed." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Recovery should not exceed the expenses and fees that were reasonably necessary to resist the offending action. Id. at 1185. Under the "lodestar" approach for assessing reasonable attorney's fees, the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). A reasonable hourly rate is determined by identifying the relevant legal community (the forum where the district court sites) and the prevailing market rate in that community for similar services by lawyers of reasonably comparable skill. Id. at 979-81.

To determine what numbers to use to arrive at a "reasonable" fee under the lodestar method, Local Rule 293 requires a party seeking an award of attorney's fees to submit an affidavit addressing certain criteria that the court will consider. Plaintiffs provided no such affidavit, and accordingly, a specific award of fees cannot be granted at this time. Plaintiff will be permitted an opportunity to file a supplemental declaration in order to receive a final award of fees.

To determine whether counsel has employed a "reasonable hourly rate" for purposes of calculating the lodestar amount, the court must look to the "prevailing market rates in the relevant community." Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013) (quoting Dang v. Cross, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Id. (quoting Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should "tak[e] into consideration the experience, skill, and reputation of the attorney." Dang v. Cross, 422 F.3d 800, 813 (9th Cir. 2005) (citation and internal quotation marks omitted).

Plaintiffs are cautioned that the rates they quoted in their motion far exceed local Sacramento rates, and such requests will not be granted. Recent cases in this district have awarded fees in the range of $450 per hour for junior associates, and $490-$695 per hour for senior partners, "with rates above $600 reserved for attorneys with more than 30 years of experience." TBM N160TM, LLC v. Signature Flight Support LLC, No. 1:24-CV-00963-HBK, 2026 WL 2766919, at *2 (E.D. Cal. Sept. 17, 2026); see also, Loomis Basin Equine Med. Ctr., Inc. v. Faber, No. 2:21-CV-01404-JAM-CSK, 2026 WL 2445032, at *2 (E.D. Cal. Aug. 20, 2026) (awarding $450 per hour for a senior associate); Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners). Plaintiff's follow-up request for fees must adjust their rates to those typically approved in this District and must justify both the rates and hours spent.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 32) is GRANTED and defendant is ORDERED to produce the requested discovery within 14 days of this order.

////

////

////

////

Plaintiff's request for attorney's fees is GRANTED, and a specific amount will be awarded upon plaintiff's filing of a supplemental request, which must be filed within 14 days of this order.

DATED: October 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE